UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ADAM BRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-02522-JPH-MPB |
| ) | |
| RECEPTION DIAGNOSTIC CENTER, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING AND DISMISSING COMPLAINT
AND DIRECTING PLAINTIFF TO SHOW CAUSE**

Plaintiff Adam Bray filed this action in the United States District Court for the Northern District of Indiana. He alleged, among other things, that staff members at the Reception Diagnostic Center in Plainfield, Indiana, were disrespectful and racist when he was in custody there. The Northern District of Indiana dismissed Mr. Bray's other claims as improperly joined before transferring the action here. Now, the remaining claims are subject to screening.

**I.  Screening Standard**

Because Mr. Bray is a prisoner, the Court must screen his complaint, dismissing any and all claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)−(c). At screening, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. The Complaint

The complaint alleges constitutional violations based on Mr. Bray's time in custody at the Reception Diagnostic Center in Plainfield, Indiana, and the Miami Correctional Facility in Bunker Hill, Indiana. The Northern District of Indiana dismissed without prejudice all claims that were based on events at Miami Correctional Facility. Dkt. 42 at 2−3.

As to the events at the Reception Diagnostic Center, Mr. Bray alleges that he "was treated and talked to like an animal by most of the officers and staff." Dkt. 1 at 5. Sergeant Andis called him "boy." *Id.* When Mr. Bray asked for a grievance, Sergeant Andis delivered one and remarked, "Here's your bitch ticket." *Id.* Mr. Bray requested library time and filed grievances, but he did not receive library time, and his grievances weren't answered. *Id.* He was in custody at the Reception Diagnostic Center from March 19 through April 15, 2020. *Id.*

## III. Discussion

Mr. Bray's claims based on verbal harassment are **DISMISSED** for failure to state a claim upon which relief may be granted. "Repugnant words . . . will seldom rise to an Eighth Amendment violation." *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019). There are exceptions for extreme cases. *See id.* (holding that plaintiff's claim should survive summary judgment where plaintiff provided evidence that nurse taunted and encouraged him to commit suicide while he was on suicide watch); *Beal v. Foster*, 803 F.3d 356, 358−59 (7th Cir. 2015) (holding that plaintiff stated a claim for cruel and unusual punishment by alleging that prison sergeant publicly suggested plaintiff was homosexual, "which may have made him a pariah to his fellow inmates and inflicted significant psychological harm on him"). But racial slurs and epithets, while deplorable, alone are not enough. *DeWalt v. Carter*, 224 F.3d 607, 612 n.3 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

The alleged denial of law library access likewise does not rise to a constitutional violation. "Prisoners have a fundamental right of access to the courts," and prison staff "may not impinge on a prisoner's efforts to pursue a legal claim attacking . . . his criminal judgment." *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012). But to state a viable claim based on denial of access to courts, a plaintiff "must allege that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." *Id.* at 661. Mr. Bray has not identified any nonfrivolous claim, whether in his criminal case or a civil one, that was prejudiced by the alleged denial of law library access at Reception Diagnostic Center. Any claim based on lack of access to the law library is **DISMISSED** for failure to state a claim upon which relief may be granted.

### IV.  Opportunity to Show Cause

All of Mr. Bray's claims have now been dismissed. Mr. Bray shall have **through November 26, 2021**, to show cause why this action should not be dismissed.

**SO ORDERED.**

Date: 10/21/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ADAM BRAY
223933
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only